UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| **Derek Mortland, Individually**, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:17-cv-922 |
| v. | ) | |
| | ) | |
| **Claypool Court, LLC,** a Delaware limited liability company, | ) | Judge: |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

---

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Plaintiff, Derek Mortland, individually, by and through the undersigned counsel, Owen B. Dunn, Jr., Counsel for Plaintiff, hereby files this Complaint against Defendant **CLAYPOOL COURT, LLC**, a Delaware limited liability company for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

## JURISDICTION AND VENUE

1. This action is brought by the Plaintiff, Derek Mortland, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original

jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3.   Venue is proper in the Southern District of Indiana as venue lies in the judicial district of the property *situs*. The Defendant's property and operations complained of by Plaintiff are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## PARTIES

4.   Plaintiff, Derek Mortland  ("Plaintiff") is an Ohio resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5.   Defendant **CLAYPOOL COURT, LLC** operates and owns an Embassy Suites by Hilton Indianapolis Downtown located at 110 W Washington St, Indianapolis, IN 46204 in Marion County. Plaintiff has patronized Defendant's hotel and business previously as a place of public accommodation.

6.   Upon information and belief, the facilities owned by **CLAYPOOL COURT, LLC** are non-compliant with the remedial provisions of the ADA. As Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendant is responsible for complying with the obligations of the ADA.  Defendant's facilities as a hotel and place of public accommodation fails to comply with the ADA and its

regulations, as also described further herein.

7.      Plaintiff is paralyzed as a result of a spinal cord injury and permanently uses a wheelchair for mobility. As such, he is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto.  Plaintiff has visited the property that forms the basis of this lawsuit as an overnight hotel guest and plans to return to the property to avail himself of the goods and services offered to the public at the property.

8.      Plaintiff is an avid racing fan and amateur race car driver and frequently attends many of the events in the region and has been a customer as an overnight guest at the property that forms the basis of this lawsuit.  During the Plaintiff's stay the Plaintiff encountered architectural barriers at the subject property that violate the ADA and its regulations.  The barriers to access at the property have endangered Plaintiff's safety.

9.      Completely independent of the personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least all of those that Plaintiff is able to access; and tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of other visits, Plaintiff also intends to visit the premises annually to verify

its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises. In this instance, Plaintiff, in Plaintiff's individual capacity and as a "tester," visited the Facility, encountered barriers to access at the Facility, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.

10.     Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint.  Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit the Defendant's place of business again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the hotel and its amenities without fear of discrimination.

11.     The Defendant has discriminated against the individual Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

12.     The Defendant has discriminated and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

13.     A preliminary inspection of the Embassy Suites by Hilton Indianapolis Downtown,

including its facilities, has shown that many violations of the ADA exist. These violations include, but are not limited to:

<u>Accessible Routes and Parking</u>

A. Designated accessible parking is located on an excess slope, in violation of the ADA whose remedy is readily achievable.

B. The parking access aisles are non-compliant, in violation of the ADA whose remedy is readily achievable.

C. There is no accessible route from the passenger loading zone to the entrance, in violation of the ADA whose remedy is readily achievable.

D. No accessible route into the hotel from the parking structure due to an excessively sloped and cross-sloped curvilinear ramp, in violation of the ADA whose remedy is readily achievable.

E. Ramps along the accessible route lack required hand-rails, in violation of the ADA whose remedy is readily achievable.

F. Obstacles protrude into the accessible route, in violation of the ADA whose remedy is readily achievable.

G. There is no well-defined accessible route into the hotel from the street level, in violation of the ADA whose remedy is readily achievable.

<u>Lobby and Restaurant Restrooms</u>

H. The entrance to the restroom provides insufficient latch-side clearance, in violation of the ADA whose remedy is readily achievable.

I. The toilet compartment has insufficient clear floor space for use, in violation of the ADA whose remedy is readily achievable.

J. The toilet compartment lacks grab bars, in violation of the ADA whose remedy is readily achievable.

K. There are no urinals in the men's restroom with rim at a maximum of 17 inches above the finish floor whereas there are at least three higher urinals, in violation of the ADA whose remedy is readily achievable.

L. The toilet compartment doors do not have handle pulls on both sides and the door is not self-closing in violation of the ADA whose remedy is readily achievable.

Access to Goods and Services

M.   There is no fixed pool lift for the swimming pool or two spas, in violation of the ADA whose remedy is readily achievable.

N.   There are spa controls mounted in excess of allowable reach range, in violation of the ADA whose remedy is readily achievable.

Designated Accessible Guestroom

O.   The lavatories have insufficient knee and toe clearance, in violation of the ADA whose remedy is readily achievable.

P.   There is not sufficient maneuvering clearance to access all room amenities, in violation of the ADA whose remedy is readily achievable.

Q.   The viewing hole and some room amenities are mounted in excess of allowable reach range, in violation of the ADA whose remedy is readily achievable.

Disbursal of Designated Accessible Guestrooms

R.   The hotel's designated accessible guestrooms are not disbursed among the various classes of guestrooms, whereas certain of the hotel's Executive Corner Suites, Master Suites, and others at varying price points, square footages and amenity offerings are available only to able-bodied patrons and guests.

Policies and Procedures

S.   The Defendant lacks or has inadequate defined policies and procedures for the assistance of disabled patrons, in contravention of the ADA whose remedy is readily achievable.

14.   The discriminatory violations described in Paragraph 13 by Defendant **CLAYPOOL COURT, LLC** are not an exclusive list of the Defendant's ADA violations.   Plaintiff requires further inspection of the Defendant's place of public accommodation and facilities in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.   The Plaintiff has been denied access to Defendant's accommodations; benefit of services; activities; and has otherwise been

6

discriminated against and damaged by the Defendant, as set forth above.  The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.   In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation, facilities and operations in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

### COUNT I
### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

15.     Plaintiff restates the allegations of ¶¶1-14 as if fully rewritten here.

16.     The hotel at issue, as owned and operated by **CLAYPOOL COURT, LLC**, constitutes a public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

17.     Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendant's failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq.* Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

18.     The Plaintiff, and others similarly-situated, is presently without adequate remedy at law and is damaged by irreparable harm.   Plaintiff reasonably anticipates that he will

7

continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the Facility, including those set forth herein.

19.     Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an injunction requiring Defendant to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

## COUNT II
## VIOLATION OF INDIANA CIVIL RIGHTS LAW
### In. Code §22-9-1 et seq.

20.     Plaintiff restates the allegations of ¶¶1 - 19 as if fully rewritten here.

21.     **CLAYPOOL COURT, LLC** operates a "place[s] of public accommodation" pursuant to In. Code §22-9-1-3(m).

22.     Defendant committed an unlawful act pursuant to In. Code §22-9-1-2(a) by denying Plaintiff the full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges.

23.     Pursuant to In. Code §22-9-1-6, Plaintiff is entitled to compensatory and punitive damages, and attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendant to make all readily achievable

alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys' fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and exemplary damages, attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

_Counsel for Plaintiff:_

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq.*, OH Bar no. 0074743
Law Offices of Owen Dunn, Jr.
The Ottawa Hills Shopping Center
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 241-9661 – Phone
(419) 241-9737 - Facsimile
dunnlawoffice@sbcglobal.net
*admitted to S. District of Indiana